**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A.,<br><br>Plaintiff,<br><br>vs.<br><br>THE SKY VISTA HOMEOWNERS ASSOCIATION et al.,<br><br>Defendants. | ) | 3:15-cv-00390-RCJ-VPC<br><br>**ORDER** |

This case arises out of a homeowners' association foreclosure sale. Pending before the Court is a Motion to Dismiss (ECF No. 13). For the reasons given herein, the Court denies the motion.

**I. FACTS AND PROCEDURAL HISTORY**

In 2004, non-party Kehar Singh gave an unidentified non-party lender a promissory note for $168,373 (the "Note") to purchase real property at 9658 Black Bear Drive, Reno, Nevada, 89506 (the "Property"), which was secured by a deed of trust (the "DOT") against the Property. (*See* Compl. ¶¶ 8, 13, ECF No. 1). The DOT was later assigned to Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo"). (*Id.* ¶ 14). Singh has defaulted with over $156,598.15 due on the Note, and Wells Fargo intends to foreclose the DOT against the Property. (*Id.* ¶¶ 15–17).

Defendant The Sky Vista Homeowners' Association (the "HOA") has completed its own foreclosure sale, however. (*See id.* ¶¶ 2, 18–29). The HOA caused non-party Kern & Associates, Ltd. to record a notice of delinquent assessment lien ("NDAL") as to the Property in 2011 indicating that $1,088 was due, which amount included late charges, fees, fines, foreclosure fees, transfer fees, attorney's fees, costs, and other charges. (*Id.* ¶ 18). The HOA later caused Phil Frink & Associates, Inc. ("Frink") to record a notice of default and election to sell ("NOD") indicating that $2,259.30 was due, without specifying what amount was due for assessment fees versus interest, fees, collection costs, etc., and without specifying the super-priority amount of the HOA's lien. (*Id.* ¶ 19). The HOA later caused Frink to record a notice of trustee's sale ("NOS") scheduling a sale for May 10, 2012 and indicating that $3,886.84 was due, without specifying what amount was due for assessment fees versus interest, fees, collection costs, etc., and without specifying the super-priority amount of the HOA's lien. (*Id.* ¶ 20). In May 2012, the previous servicer, non-party Bank of America, N.A., contacted Frink and demanded a payoff ledger identifying the superpriority amount of the HOA's lien, but Frink refused to provide any information, thereby rejecting the attempted tender of the superpriority amount before the HOA foreclosure sale. (*Id.* ¶¶ 26–27). On March 29, 2013, the HOA sold the Property to Defendant TBD, LLC for $4,367, less than 3% of the outstanding principal balance on the Note. (*Id.* ¶¶ 3, 28–29). Defendant TBR I, LLC purchased the Property from TBD on December 27, 2013. (*Id.* ¶ 4).

Wells Fargo (as Indenture Trustee for the Registered Holders of IMH Assets Corp., Collateralized Asset-Backed Bonds, Series 2004-11) has sued the HOA, TBD, and TBR I in this Court for: (1) quiet title based on, *inter alia*, violations of due process under the Constitution, violations of state statutes, and commercial unreasonableness of the sale; (2) violation of Nevada

Revised Statutes section ("NRS") 116.1113; and (3) common law wrongful foreclosure.[1] Wells Fargo asks the Court in the alternative to set aside the HOA foreclosure sale, declare that the HOA foreclosure sale did not extinguish the DOT, or award damages resulting from the extinguishment of the DOT in violation of law. The HOA has moved to dismiss.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just

1 The fourth claim for injunctive relief against TBR I is not a separate cause of action but a prayer for relief, and no motion for preliminary injunctive relief is pending.

"possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review). Put differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is logically complete and that liability necessarily, not only possibly, follows (assuming the allegations are true).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III. ANALYSIS

The HOA asks the Court to dismiss for Wells Fargo's failure to abide by state law pre-litigation exhaustion requirements. Failure to exhaust non-judicial remedies is generally treated as an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 212 (2007). An exhaustion statute's "silen[ce] on the issue whether exhaustion must be pleaded by the plaintiff or is an affirmative defense . . . is strong evidence that the usual practice should be followed, and the usual practice under the Federal Rules is to regard exhaustion as an affirmative defense." *Id.* A Court should not dismiss based on an affirmative defense unless the elements of the defense appear on the face of the pleading to be dismissed. *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013). Where an affirmative defense does not appear on the face of the pleading sought to be dismissed, it cannot be determined until (at least) the summary judgment stage; it cannot be treated as a quasi-summary-judgment matter under Rule 12(b). *Albino v. Baca*, 747 F.3d 1162, 1168–69 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003)). The HOA invokes the following exhaustion requirements:

> No civil action based upon a claim relating to:
>
> (a) The interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules or regulations adopted by an association; or
>
> (b) The procedures used for increasing, decreasing or imposing additional assessments upon residential property,
>
> may be commenced in any court in this State unless the action has been submitted to mediation or, if the parties agree, has been referred to a program pursuant to the provisions of NRS 38.300 to 38.360, inclusive, and, if the civil action concerns real estate within a planned community subject to the provisions of chapter 116 of NRS or real estate within a condominium hotel subject to the provisions of

> chapter 116B of NRS, all administrative procedures specified in any covenants, conditions or restrictions applicable to the property or in any bylaws, rules and regulations of an association have been exhausted.
>
> 2. A court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1.

Nev. Rev. Stat. § 38.310. NRS 38.310 is silent as to pleading requirements, and the HOA is wrong that Nevada Administrative Code section ("NAC") 38.350(7) requires a copy of a certificate from the Nevada Real Estate Division to be attached to a civil complaint. That section reads in its entirety:

> 7. The division will issue a certificate certifying that the claim has been submitted to arbitration or mediation as required by NRS 38.310 within 30 days after receiving a copy of:
>
> (a) The agreement reached through mediation;
>
> (b) The award reached through binding or nonbinding arbitration; or
>
> (c) Written verification from the arbitrator which confirms that the arbitrator served notice of the arbitration hearing on both parties and that the person upon whom a copy of the written claim was previously served failed to appear at the hearing.

Nev. Admin Code § 38.350(7). The regulation requires the Real Estate Division to issue a certificate within 30 days of certain events. The lack of such a certificate may therefore constitute evidence of failure to exhaust, but the regulation does not require a copy of any certificate to be attached to a complaint as a pleading requirement. The Court therefore finds that the exhaustion requirement is an affirmative defense and denies the motion to dismiss, as non-exhaustion does not appear on the face of the Complaint.

However, the Court would be inclined to grant summary judgment in part if the HOA could show that Wells Fargo had not sought mediation or arbitration. In the second claim, Wells Fargo asks the Court to rule that the HOA failed to apply the Covenants, Conditions, and

Restrictions ("CC&R") in good faith as required by NRS 116.1113. A determination of that claim would require the interpretation and application of the CC&R. Neither can the claims for quiet title or wrongful foreclosure be based on any violation of NRS 116.1113. To the extent the quiet title and wrongful foreclosure claims do not depend on any interpretation of the CC&R, however, NRS 116.1113 does not require Wells Fargo to mediate them. *McKnight Family, L.L.P. v. Adept Management*, 310 P.3d 555 (Nev. 2013) does not require the wrongful foreclosure claim in this case to be mediated, except insofar as it relies on NRS 116.1113. *See id.* at 559 ("To determine whether an individual violated any conditions or failed to perform any duties required under an association's CC & Rs, a court must interpret the CC & Rs to determine their applicability and enforceability regarding the individual. This type of interpretation falls under NRS 38.310."). That case concerned a homeowner's alleged breach of the CC&R, and a determination of whether the homeowner had in fact breached the CC&R of course required an interpretation of the CC&R. *See id.* Wells Fargo does not appear to contest that Singh breached the CC&R, and except for its argument under NRS 116.1113, Wells Fargo's wrongful foreclosure claim relies on the HOA's alleged failure to give proper notice and an opportunity to cure under the common law and various statutes, assuming Singh breached the CC&R. A determination of those issues does not require any interpretation of the CC&R.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 13) is DENIED.

IT IS SO ORDERED.

Dated this 25th day of September, 2015.

ROBERT C. JONES
United States District Judge