UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>                    Plaintiff,<br><br>          vs.<br><br>THE SKY VISTA HOMEOWNERS<br>ASSOCIATION et al.,<br><br>                    Defendants. | 3:15-cv-00390-RCJ-VPC<br><br>**ORDER** |

This case arises out of a homeowners' association foreclosure sale.  Pending before the Court are a Stipulation to Intervene (ECF No. 31) and a Motion to Dismiss (ECF No. 32).  The Court grants the stipulation in part and grants the motion.

**I.     FACTS AND PROCEDURAL HISTORY**

In 2004, non-party Kehar Singh gave an unidentified non-party lender a promissory note for $168,373 (the "Note") to purchase real property at 9658 Black Bear Drive, Reno, Nevada, 89506 (the "Property"), which was secured by a deed of trust (the "DOT") against the Property. (*See* Compl. ¶¶ 8, 13, ECF No. 1).  The DOT was later assigned to Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo"). (*Id.* ¶ 14).  Singh has defaulted with over $156,598.15 due on the Note, and Wells Fargo intends to foreclose the DOT against the Property. (*Id.* ¶¶ 15–17).

Defendant The Sky Vista Homeowners' Association (the "HOA") has completed its own foreclosure sale, however. (*See id.* ¶¶ 2, 18–29). The HOA caused non-party Kern & Associates, Ltd. to record a notice of delinquent assessment lien ("NDAL") as to the Property in 2011 indicating that $1,088 was due, which amount included late charges, fees, fines, foreclosure fees, transfer fees, attorney's fees, costs, and other charges. (*Id.* ¶ 18). The HOA later caused Phil Frink & Associates, Inc. ("Frink") to record a notice of default and election to sell ("NOD") indicating that $2,259.30 was due, without specifying what amount was due for assessment fees versus interest, fees, collection costs, etc., and without specifying the super-priority amount of the HOA's lien. (*Id.* ¶ 19). The HOA later caused Frink to record a notice of trustee's sale ("NOS") scheduling a sale for May 10, 2012 and indicating that $3,886.84 was due, without specifying what amount was due for assessment fees versus interest, fees, collection costs, etc., and without specifying the super-priority amount of the HOA's lien. (*Id.* ¶ 20). In May 2012, the previous servicer, non-party Bank of America, N.A., contacted Frink and demanded a payoff ledger identifying the superpriority amount of the HOA's lien, but Frink refused to provide any information, thereby rejecting the attempted tender of the superpriority amount before the HOA foreclosure sale. (*Id.* ¶¶ 26–27). On March 29, 2013, the HOA sold the Property to Defendant TBD, LLC for $4,367, less than 3% of the outstanding principal balance on the Note. (*Id.* ¶¶ 3, 28–29). Defendant TBR I, LLC purchased the Property from TBD on December 27, 2013. (*Id.* ¶ 4).

Wells Fargo (as Indenture Trustee for the Registered Holders of IMH Assets Corp., Collateralized Asset-Backed Bonds, Series 2004-11) has sued the HOA, TBD, and TBR I in this Court for: (1) quiet title based on, *inter alia*, violations of due process under the Constitution, violations of state statutes, and commercial unreasonableness of the sale; (2) violation of Nevada

Revised Statutes section ("NRS") 116.1113; and (3) common law wrongful foreclosure.[1] Wells Fargo asks the Court in the alternative to set aside the HOA foreclosure sale, declare that the HOA foreclosure sale did not extinguish the DOT, or award damages resulting from the extinguishment of the DOT in violation of law.

The HOA moved to dismiss based on Wells Fargo's failure to abide by state law pre-litigation exhaustion requirements. The Court denied the motion because non-exhaustion is an affirmative defense, and facts indicating non-exhaustion did not appear on the face of the Complaint. The Court noted that upon an appropriate showing it would be inclined to grant summary judgment on the issue, at least as to the claim under NRS 116.1113 (and in part as to any other claims insofar as they relied on alleged violations of that statute). TBD and TDR I answered and counterclaimed for quiet title. (*See* Answer and Countercl., ECF No. 14). The HOA separately answered without pleading any counterclaims. (*See* Answer, ECF No. 20). TBD and TBR I have now moved to dismiss.

## II.   DISCUSSION

Movants note that the only claims against them are the quiet title claim (against TBD) and the claim for injunctive relief (against TBR I). TBD and TBR I now disclaim any interest in the Property. Specifically, TBR has transferred the Property to Airmotive Investments, LLC, which the parties have stipulated should be permitted to intervene under Rule 24. The Court grants the motion to dismiss and grants the stipulation to intervene in part. Airmotive Investments, LLC ("Airmotive") shall be substituted as a Defendant for both TBD and TBR I under Rule 25(c). Because Airmotive is represented by the same counsel as TBD and TBR I, the

---

[1] The fourth claim for injunctive relief against TBR I is not a separate cause of action but a prayer for relief, and no motion for preliminary injunctive relief is pending.

Court will presume that neither the scheduling order nor TBD's and TBR I's pleadings need be amended at this time.

Plaintiff has opposed the motion, arguing that TBD and TBR I remain necessary parties under Rule 19(a) because even if they disclaim any interest in the Property, complete relief between the parties cannot be awarded in their absence.  Plaintiff argues that if the Court were ultimately to order that the foreclosure sale be unwound, Singh's title would be restored with Plaintiff's and the HOA's liens revived against it, TBD's purchase money would have to be returned by the HOA, TBR I's purchase money would in turn have to be returned by TBD, and Airmotive's purchase money would in turn have to be returned by TBR I.  All these parties would have to be bound by the Court's orders.  The Court disagrees.

Plaintiff cites two cases in support.  In *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*, 276 F.3d 1150 (9th Cir. 2002), the court found that the Navajo Nation was a necessary party where the plaintiff sought to enjoin a lessee of land from the Navajo Nation from enforcing a lease provision discriminating between Navajo job applicants and others. *Id.* at 1153.[2]  If the plaintiff were to have prevailed in the absence of the Navajo Nation as a party, the defendant lessee would have had to have chosen between complying with the court's injunction and complying with the lease. *Id.* at 1155–56.  The plaintiff might have been unable to obtain relief despite victory in federal court, because the Navajo Nation as a non-party would not have been bound by the federal court's order, and it could have taken action in its own courts to enforce the lease. *Id.* at 1155.  The present case is not analogous.  TBR I has already quitclaimed the Property to Airmotive.  TBD's and TBR I's cooperation in transferring

---

[2] The second case Plaintiff cites provides no additional support. *See EEOC v. Peabody W. Coal Co.*, 400 F.3d 774, 780 (9th Cir. 2005) (explaining why the situation there was the same as in *Dawavendawa* in relevant respects).

title is therefore no longer needed, and whether or how the HOA, TBD, TBR I, and Airmotive were to make one another whole as to purchase monies previously exchanged between them will not affect Plaintiff's own remedy.  Here, there is no risk that any action by TBD or TBR I could impair Plaintiff's remedy against Airmotive.  Also, the Navajo Nation clearly claimed an interest in continuing to enforce the discriminatory lease provision, and its ability to protect that interest could have been impaired by the federal litigation because the defendant lessee might have chosen to comply with a federal injunction. *Id.* at 1156–57.  Here, TBD and TBR I have disclaimed any interest in the Property.  Finally, if, as Plaintiff speculates, there could be claims or third-party claims by Plaintiff or Airmotive, respectively, directly against TBD and/or TBR I based on bona fide purchaser issues, Plaintiff or Airmotive may amend their pleadings and permissively join TBD and/or TBR I, in which case indispensability will be inapposite.

## CONCLUSION

IT IS HEREBY ORDERED that the Stipulation (ECF No. 31) is GRANTED IN PART, and the Motion to Dismiss (ECF No. 32) is GRANTED.

IT IS FURTHER ORDERED that Airmotive Investments, LLC is SUBSTITUTED as a Defendant and Counterclaimant in place of TBD, LLC and TBR I, LLC, who are DISMISSED from the action.

IT IS SO ORDERED.

DATED: This 7th day of June, 2016.

_____
ROBERT C. JONES
United States District Judge