UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>  Plaintiff,<br><br>vs.<br><br>THE SKY VISTA HOMEOWNERS ASSOCIATION and AIRMOTIVE INVESTMENTS, LLC,<br><br>  Defendants. | Case No. 3:15-CV-00390-RCJ<br><br>**ORDER** |

Plaintiff and Defendant Airmotive bring competing claims for quiet title, arguing over whether a nonjudicial foreclosure sale of the property initiated by Defendant Sky Vista extinguished Plaintiff's deed of trust. Both currently seek summary judgment for these claims. The Court finds that had Plaintiff offered tender to protect its interest in the property, Defendant Sky Vista would have rejected it. The Court, therefore, grants summary judgment for Plaintiff.

**FACTUAL BACKGROUND**

In 2004, non-party Mr. Kehar Singh bought the property at issue located at 9658 Black Bear Drive, Reno, NV 89506. (ECF No. 80 Ex. A.) To finance this purchase, Mr. Singh obtained a deed of trust for $68,373. Plaintiff ultimately became the beneficiary of the deed of trust in 2012. (ECF No. 80 Ex. B.)

The property is part of a covenanted community serviced by Defendant Sky Vista as its homeowner's association (HOA). Mr. Singh defaulted in his dues to Defendant Sky Vista, who then hired two agents to initiate foreclosure proceedings: Kern & Associates, Ltd. (Kern) and Phil Frink & Associates (Frink). Kern recorded the initial notice of delinquent assessment lien in June 2011, then Frink recorded a notice of default and election to sell in August 2011 and a notice of foreclosure sale in April 2012. (ECF No. 80 Exs. D–F.) While none of these notices provided the superpriority amount, the notice of delinquent assessment lien listed the total lien as $1,088, plus accruing quarterly assessments of $63.00. (*See* ECF No. 80 Ex. D.)

On May 2, 2012, Plaintiff's predecessor-in-interest, Bank of America (BANA), emailed Frink requesting details and instructions for tendering payment. (ECF No. 83 Ex. 1.) Frink relayed this message to Kern, who then informed BANA it needed to pay the full lien amount of $3509.28 to avoid the foreclosure sale as well as "subsequent assessment payments." (ECF No. 83 Ex. 2.) Kern did not provide a breakdown of this figure nor the amount of the superpriority portion. Kern further instructed BANA to deliver a check made payable to Defendant Sky Vista. (ECF No. 83 Ex. 2.) BANA again sent Frink a letter on May 15, 2012, claiming the superpriority amount was still unclear and offering "to pay that sum upon presentation of adequate proof of the same by [Defendant Sky Vista]." (ECF No. 80 Ex. G at Wells 00293.)

Defendant Sky Vista did not respond to the May 15 letter—rather, it proceeded with the foreclosure sale. (ECF No. 80 Ex. G at Wells 00290.) In March 2013, it conducted the foreclosure sale and sold the property for $4,367.00 to TBD, LLC. (ECF No. 80 Ex. M.) TBD, LLC deeded its interest in the property to TBR I, LLC in 2013, (ECF No. 80 Ex. O at Wells 00084–87), who quitclaimed this interest to Defendant Airmotive in 2016. (ECF No. 80 Ex. P.)

During this time, BANA and Defendant Sky Vista engaged in routine correspondence regarding this and a significant number of other similarly-situated properties. In several instances,

Kern, acting as an agent for Defendant Sky Vista and other HOAs, has rejected tender offers for the correct superpriority amount conditioned upon a release of the junior lienholder's obligations. (*See* ECF No. 80 Ex. H at ¶ 5 ("Kern made clear, on every occasion I dealt with Kern, that it would not accept payment on the super priority unless and until the lender foreclosed and also paid costs and fees related to the sale.").) These refusals have led to other litigation, and in depositions for these cases, Ms. Gayle Kern testified that the office would reject any offer for payments with such conditions. (*See, e.g.*, ECF No. 80 Ex. L at 71:15–73:14.) Kern rejected such offers because of a more expansive interpretation of the superpriority amount, which the Nevada Supreme Court later rejected. (*See, e.g.*, *id.* at 98:13–24.)

Plaintiff brings this case seeking quiet title and a declaration that its deed of trust survived the nonjudicial foreclosure sale. Plaintiff further brings alternative claims for wrongful foreclosure and violations of NRS 116.3116 against Defendant Sky Vista. Defendant Airmotive also seeks quiet title against Plaintiff. Now, the parties have filed competing motions for summary judgment over the quiet title claims. (ECF Nos. 79, 80.) While Plaintiff did not move for summary judgment against Defendant Sky Vista, it responded to Plaintiff's motion, (ECF No. 83), and Defendant Airmotive joined the arguments raised in that response, (ECF No. 86).

**LEGAL STANDARD**

A court should grant summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only facts that affect the outcome are material. *Id.*

To determine whether summary judgment is appropriate, a court uses a burden-shifting analysis. On the one hand, if the party seeking summary judgment would bear the burden of proof

at trial, that burden may be satisfied by presenting evidence that proves every element of the claim such that no reasonable juror could find otherwise assuming the evidence went uncontroverted. *Id.* at 252. On the other hand, when the party seeking summary judgment would not bear the burden of proof at trial, it need only demonstrate that the other party failed to establish an essential element of the claim or present evidence that negates such an element. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (Brennan J., concurring). A court should deny summary judgment if either the moving party fails to meet its initial burden or, if after it meets that burden, the other party establishes a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

## ANALYSIS

Plaintiff shows that Kern had a standing policy to refuse any offer for the correct superpriority amount conditioned upon a release of a subordinate lienholder's obligations. Consequently, had Plaintiff offered tender of the correct superpriority amount, Defendant Sky Vista would have rejected it. The Court therefore grants Plaintiff's motion and denies Defendant Airmotive's because it finds that an offer of tender would have been futile.

NRS 116.3116(1) provides HOAs with a lien over a unit "for any construction penalty that is imposed against the unit's owner pursuant to NRS 116.310305, any assessment levied against that unit or any fines imposed against the unit's owner from the time the construction penalty, assessment or fine becomes due." To the extent that the lien is comprised of "charges for maintenance and nuisance abatement, and nine months of unpaid assessments," it is known as the "superpriority" lien and is senior to all other liens. *Bank of Am., N.A. v. SFR Investments Pool 1, LLC* (*SFR II*), 427 P.3d 113, 117 (Nev. 2018) (en banc) (citing NRS 116.3116(2)). Additionally, NRS 116.31162 provides that an HOA may foreclose on an owner of a unit in default, and such foreclosure may extinguish junior liens, including deeds of trust. *SFR Investments Pool 1 v. U.S.*

*Bank* (*SFR I*), 334 P.3d 408, 416 (Nev. 2014) *superseded by statute on other grounds as stated in Saticoy Bay LLC 9050 W Warm Springs 2079 v. Nev. Ass'n Servs.*, 444 P.3d 428 (Nev. 2019).

Defendant Airmotive claims that there is a presumption in its favor as the current title holder, but regardless, the Nevada Supreme Court held that junior lienholders avoid extinguishment of their liens by providing valid tender to the superpriority lienholder. *SFR II*, 427 P.3d at 117. Tender is an offer to pay in full coupled with present ability to do so—not "a promise to make a payment at a later date or once a certain condition has been satisfied." *7510 Perla Del Mar Ave. Tr. v. Bank of Am., N.A.*, 458 P.3d 348, 350 (Nev. 2020) (en banc).[1] Tender offers, furthermore, must be unconditional, excepting those conditions the junior lienholder has a legal right to insist on. *SFR II*, 427 P.3d at 118.

Nevada law, however, does not require a junior lienholder to offer tender where it would be futile; that is, the evidence shows the superpriority lienholder would have refused the offer. *Perla*, 458 P.3d at 351–52. Thus, in the current context of nonjudicial foreclosure, a debtor that proves futility "preserve[s] its interest in the property such that [the buyer at foreclosure] purchased the property subject to [the debtor's] first deed of trust." *Id.* at 352.[2]

While BANA's letter offering to pay the superpriority amount did not constitute tender, a formal tender offer would have been futile in this case—excusing this failure. Here, Kern sent BANA a letter instructing it to pay the full lien amount of $3509.28 without providing an

---

[1] The court issued *Perla* after briefing finished in this case. Subsequently, Plaintiff moved to file a supplemental brief arguing the opinion supports its futility argument, (ECF No. 91), and Defendants request the ability to respond if the Court grants the motion, (ECF Nos. 92, 93). But *Perla*, as relevant to this issue, merely affirms the generally-accepted proposition that "[o]ne is not obligated to do the useless and futile thing in complying with the formalities of a tender." 74 Am. Jur. 2d *Tender* § 4 (2020). Therefore, *Perla* does not require the parties to modify their already-existing arguments on futility, and the Court denies the motion.

[2] Plaintiff also relies on *Bank of Am., N.A. v. Thomas Jessup, LLC Series VII*, 435 P.3d 1217, 1220 (Nev. 2019), which Defendants claim is not binding as the court reheard the case en banc but has not yet issued its opinion. (ECF No. 85 at 20:26.) This argument is moot because *Perla* stands for the same proposition.

accounting from which to calculate the superpriority amount with precision. (ECF No. 83 Ex. 2.) These demands, in conjunction with Ms. Kern's deposition testimony in other cases, prove that Kern had a standing policy of rejecting any payment of the correct superpriority amount conditioned upon the release of the junior lienholder's obligation. (*See, e.g.*, ECF No. 80 Ex. L at 71:15–73:14.) In *SFR II*, the Nevada Supreme Court held that a junior deed of trust beneficiary had a legal right to insist on such a condition (that is "acceptance of the tender would satisfy the superiority portion of the lien") under identical material facts. 427 P.3d at 118. Therefore, Plaintiff has presented sufficient evidence for the Court to conclude that Kern would have refused a proffered tender for the correct superpriority amount and containing appropriate conditions.

Defendant Sky Vista argues that the Court should exclude Kern's depositions and the declaration of Mr. Rock Jung since Plaintiff did not disclose these items during discovery as required by the Nevada Rules of Civil Procedure. (ECF No. 83 at 2:22–3:19.) However, federal courts apply the Federal Rules of Civil Procedure, unless doing so would "exceed[] the congressional mandate embodied in the Rules Enabling Act []or transgress[] constitutional bounds." *Hanna v. Plumer*, 380 U.S. 460, 463–64 (1965). As Defendant Sky Vista makes no argument as to how the application of the Federal Rules would do either in this case, the Nevada Rules of Civil Procedure are inapplicable. Additionally, besides Defendant Sky Vista's unsworn allegation in its brief, it has not provided any evidence for the Court to consider whether Plaintiff actually failed to adequately disclose. For these reasons, the Court will consider the exhibits.

Defendants further attack these exhibits as irrelevant because the testimony was in regard to unrelated cases and properties. (ECF No. 83 at 3:12–3:15; ECF No. 85 at 20:4–12.) The Nevada Supreme Court, however, ruled in *Perla* that a party can make its case for futility based solely on the superpriority lienholder's business practice or habit of rejecting tender. 458 P.3d at 351.

///

Defendant Airmotive also argues that, even if Plaintiff has proven that Kern would have rejected tender, it has not demonstrated that Frink would have also. This, Defendant Sky Vista argues, nullifies Plaintiff's futility argument because Plaintiff could have sent tender to Frink. Yet, of the two communications sent to Frink, one was responded to by Kern with instruction to send payment to it, (ECF No. 83 Ex. 2), and the other was ignored, (ECF No. 80 Ex. G at Wells 00290). Therefore, the only guidance to BANA from Defendant Sky Vista's agents was that it must send tender to Kern—not Frink. The Court, accordingly, finds that a formal tender offer would have had to have been sent to Kern, which would have been futile.

Defendant Airmotive claims that tender would not have been futile because Plaintiff could have paid Kern the entire lien amount and then requested a refund of the non-superiority portion. (ECF No. 85 at 18–19.) The Nevada Supreme Court has stated that a junior lienholder may "pay[] the entire amount and request[] a refund of the balance." *SFR I*, 334 P.3d at 418. Nevertheless, it did not hold that a junior lienholder *must* engage in such a costly endeavor to protect its rights. *Cf. SFR II*, 427 P.3d at 118 ("[The junior lienholder] had a legal right to insist" on the condition "that acceptance of the tender would satisfy the superiority portion of the lien, preserving [its] interest in the property.") Here, Kern demanded $3509.28 as well as future expenses, and without evidence of any nuisance abatement or maintenance costs, the total superpriority amount was the sum of nine months of assessments (or three quarterly assessments in this case)—totaling $189.

Finding tender would have been futile and Defendants' arguments unpersuasive, the Court grants summary judgment on the claim of quiet title in favor of Plaintiff.[3] Because the Court grants

---

[3] As the Court grants summary judgment on the ground of futility, it declines to address Plaintiff's alternative arguments based on equity and due process. Furthermore, Defendant Airmotive appears to argue that it and TBD, LLC were bona fide purchasers. (ECF No. 85 at 31–32.) This argument is inapposite because "[a] party's status as a [bona fide purchaser] is irrelevant when a defect in the foreclosure proceeding renders the sale void." *SFR II*, 427 P.3d at 121. Although granting quiet title here does not render the entire foreclosure sale void, it does render the sale "void as to the superpriority portion." *Id.*

summary judgment on this cause of action in favor of Plaintiff, it dismisses Plaintiff's alternative claims against Defendant Sky Vista. (*See* ECF No 88 at 9:10–11 ("If [the Court grants Plaintiff's motion for partial summary judgment], it can dismiss [Plaintiff's] alternative damages claims against [Defendant] Sky Vista.").) Lastly, the parties do not address Plaintiff's "Fourth Cause of Action" titled "Injunctive Relief," so the Court does not either.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion for Partial Summary Judgment (ECF No. 80) is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (ECF No. 79) is DENIED.

IT IS FURTHER ORDERED that Plaintiff will SUBMIT a proposed judgment within fourteen days of this Order.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Supplemental Authority (ECF No. 91) is DENIED.

IT IS SO ORDERED.

Dated July 8, 2020.

_____
ROBERT C. JONES
United States District Judge